## Martha A. Gooding v. Lewis E. Ransom.

FILED DECEMBER 4, 1901.   No. 10,360.

1. **Order of Sale Unnecessary.** A decree of foreclosure constitutes the authority of a sheriff to sell the property therein described, and an order of sale need not issue.

2. **Failure to Note Date of Receipt Does Not Invalidate Sale.** The failure of a sheriff to note on an order of sale the hour of the day on which the order came into his hands, will not invalidate the sale.

3. **Order of Sale: TIME OF RETURN.** A decree is not invalidated, merely because the order of sale contains no provisions as to the time such order is returnable.

4. **Error Not Presumed.** Error will not be presumed, but it must affirmatively appear.

ERROR from the district court for Cedar county. Tried below before EVANS, J. *Affirmed.*

*Addison M. Gooding,* for plaintiff in error:

The error taken arises upon confirmation of the sale of certain real estate in the village of Hartington. The record will disclose the following facts, orders, sales, etc.: Decree was rendered April 18, 1896, and stay of nine months taken. First order of sale issued March 10, 1897; certificates and copy of appraisement filed March 11, 1897. Second order of sale issued August 17, 1897, and the first order returned: "No sale for want of bidders." There were no certificates asked for or filed, but on the 26th day of August an instrument relative to the appraisal was filed; second order of sale returned September 29, 1897.

We will consider the first and second assignments of error together. Combined they are: "The order of sale does not conform to the decree of the court and the manner of sale of the property was not in accord with the decree and order of sale." The decree shows that the mortgage covers a "strip eighty-seven feet deep off the east or front end of said lots 4, 5 and 6, of block 43, of the village of

Hartington," together with an additional part of said lot 4. The decree then provides that "eighty-seven feet deep, the east end of lots 5 and 6, in block 43," shall be offered for sale first. The land then ordered to be first sold is simply a line on the earth's surface, on the east end of said lots 4 and 5, eighty-seven feet deep. The tract to be sold is described by but one dimension, and that is depth on the east boundary thereof. The decree next provides that the "balance of said premises" are to be sold. If the court considers this to mean the remainder or some part of said lots 4 and 5, and that is the only syntactical construction, then it follows that the manner of sale was not in accordance with the decree and order of sale based thereon.

Third assignment—Property not sold as directed by order. The order of sale requires that eigthy-seven feet off of said lots 4, 5 and 6 be first sold. The return thereto shows that but eighty-seven feet off of said lots 4 and 5 were first sold. *Beatrice Paper Co. v. Beloit Iron Works,* 46 Nebr., 900, 904.

Fourth assignment—The hour of receiving the order of sale was not indorsed thereon. This, under the ruling of the court in *Burkett v. Clark,* 46 Nebr., 474, becomes material.

Fifth assignment—The order of sale was not made returnable, as provided by law. This is a material defect. The same should be returnable in sixty days. *Burkett v. Clark, supra.* If the clerk could extend the time to the first day of the following term of the district court, he could extend the time indefinitely and perpetuate a cloud upon the defendant's title, in case of a fraudulent or wrongful sale. Code of Civil Procedure, sec. 510.

Sixth assignment—There was no application for clerk's, etc., certificates as to liens and incumbrances. Under the ruling in *Burkett v. Clark, supra,* this requirement is as well for the benefit of the defendant as of the plaintiff. The sheriff has no authority to advertise the property for sale before this is done. Unless this is done, the defendant has no basis for a motion to set aside and vacate the

appraisement, and is deprived of that right under the ruling of this court, upon objections to confirmation of sale.

Seventh assignment—There was no copy of appraisal filed, as required by law. The return of the sheriff shows that on the 26th day of August, 1897, notice of sale was caused to be published. There was no attempt to file a copy of appraisal before that day. The filing of such before notice of sale is caused to be published is essential. *Burkett v. Clark,* 46 Nebr., 475. However, on said day, there was an instrument in writing, relating to the property in question, but there was no indorsement thereon showing the same to be a copy of appraisement. We submit that a copy of any instrument must be shown to be such in some way, by some indicia, before it can be recognized as such and action taken upon it as upon the original.

We respectfully contend that the sale should be set aside and the costs taxed to the defendant in error.

*Elberti Ready* and *Homer A. Miller* filed no brief *contra.*

NORVAL, C. J.

This proceeding was taken to review the order of the court below confirming the sale of real estate made by the sheriff under a decree of foreclosure. The contention is that the order of sale does not conform to the decree, in that the decree designated which portion of the property should be first offered for sale, while the order of sale contained no such provision. But this variance is immaterial, since the issuance of an order of sale was wholly unnecessary. The decree constituted the authority of the officer to make the sale, and it disclosed that the part of the property required to be first offered was the only tract sold, the remaining portion of the premises not having been sold for want of bidders.

The sheriff failed to note in his return the hour of the day the order of sale came into his hands. But the omission did not vitiate the sale, and *Burkett v. Clark,* 46 Nebr., 474, does not so hold.

Nor is the sale invalidated because the order of sale contained no provision that it should be returned within sixty days from its date. The sale was had and return made within the period specified, which was sufficient. The statute prescribes the time within which a sheriff shall make the sale of real estate and file his return, and the order of sale need not contain any provision upon the subject.

Objection is made that there were no applications to the county clerk, clerk of the district court and county treasurer for certificates as to liens and incumbrances against the property. This point is not available, because the transcript before us does not purport to be a complete copy of the entire record below. The clerk of the district court merely certifies that the transcript contains copies of certain enumerated papers and proceedings in the case. Error must affirmatively appear. It will not be presumed. For the same reason we can not consider the objection that no copy of the appraisement was filed in the time required by law.

The order of the court confirming the sale is

A .'IRMED.